IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Cr. No. 15-00159 JMS |
| | ) Civ. No. 16-00032 JMS-KSC |
| Plaintiff-Respondent, | ) |
| | ) ORDER: (1) DISMISSING |
| vs. | ) DEFENDANT-PETITIONER'S |
| | ) MOTION UNDER 28 U.S.C. § 2255 |
| GREGG INOSHITA, | ) TO VACATE, SET ASIDE, OR |
| | ) CORRECT SENTENCE BY A |
| Defendant-Petitioner. | ) PERSON IN A FEDERAL |
| | ) CUSTODY; AND (2) GRANTING A |
| | ) CERTIFICATE OF |
| _____ | ) APPEALABILITY |

## ORDER: (1) DISMISSING DEFENDANT-PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN A FEDERAL CUSTODY; AND (2) GRANTING A CERTIFICATE OF APPEALABILITY

## I.  INTRODUCTION

Defendant-Petitioner Gregg Inoshita ("Inoshita") pled guilty to bank

robbery in violation of 18 U.S.C. § 2113(a).  In his Plea Agreement, he stipulated

that he was a career offender under the United States Sentencing Guidelines

("USSG" or "guideline(s)") based on his three prior § 2113(a) convictions.  He

now moves, pursuant to 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct

Sentence by a Person in Federal Custody ("§ 2255 Motion") on the grounds that

he is "innocent" of being a career offender.

Specifically, Inoshita argues that a § 2113(a) bank robbery conviction no longer counts as a crime of violence under the guidelines in light of *Johnson v. United States*, 559 U.S. 133 (2010) ("*Johnson I*"), *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson II*").  Consequently, Inoshita contends that he is "actually innocent of being a career offender under the Guidelines," and the court's use of an "unconstitutionally and illegally determined starting point for the determination of his sentence . . . skewed his resulting sentence."  *Id.*

The court decides the § 2255 Motion under Local Rule ("LR") 7.2(d) without a hearing.  Because Inoshita waived his right to bring this motion, and because bank robbery under § 2113(a) remains a crime of violence, the court DENIES Inoshita's § 2255 Motion, but GRANTS a certificate of appealability.

## II.  BACKGROUND

### A.    Guilty Plea

In April 1, 2015, Inoshita pled guilty to a one-count Information charging him with bank robbery in violation of 18 U.S.C. § 2113(a).[1]  Doc. Nos. 8,

---

[1]  Pursuant to § 2113(a), bank robbery is committed by a person who:
   [B]y force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank[.]

9.  Prior to the instant offense, Inoshita had been convicted of three other

§ 2113(a) bank robberies.  Doc. No. 17, Presentence Report ("PSR") at 7-9.  In his

Plea Agreement -- which was accepted by the court at sentencing on July 20,

2015, Doc. No. 14 -- Inoshita stipulated that he "is a Career Offender pursuant to

USSG § 4B1.1[.]"  Doc. No. 9, Plea Agreement ¶ 10(b).  Under USSG § 4B1.1(a),

a defendant is a career offender if: (1) he "was at least eighteen years old" when

the instant offense occurred; (2) "the instant offense of conviction is a felony that

is either a crime of violence or a controlled substance offense;" and (3) he has "at

least two prior felony convictions of either a crime of violence or a controlled

substance offense."  USSG § 4B1.1(a).

In turn, USSG § 4B1.2(a) defines a crime of violence as a crime that

either (a) "has as an element the use, attempted use, or threatened use of physical

force against the person of another," or (b) is "burglary of a dwelling, arson, or

extortion, involves use of explosives," or (c) "otherwise involves conduct that

presents a serious potential risk of physical injury to another."  These three clauses

are referred to as the "elements clause," the "enumerated offenses clause," and the

"residual clause," respectively.[2]

---

[2]  In light of *Johnson II*, the United States Sentencing Commission has published a
proposed amendment to §4B1.2, effective August 1, 2016.  If enabled, the new guideline will

(continued...)

3

In addition, Inoshita expressly waived his right to appeal or otherwise challenge his sentence except (1) if it exceeded the statutory maximum or guideline range, as determined by the court, or (2) on the basis of ineffective assistance of counsel:

> 13.  Defendant is aware that he has the right to appeal his conviction and the sentence imposed under Title 18, United States Code, Section 3742(a).  Defendant knowingly waives, except as indicated in subparagraph "b" below, the right to appeal his conviction, the right to appeal any sentence imposed within the maximum provided in the statute(s) of conviction, and the right to appeal the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.
>
> a.  The Defendant also waives his right to challenge his conviction, the right to challenge the sentence imposed, and the right to challenge the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that Defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.
>
> b.  If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, Defendant retains the

---

[2](...continued)
delete the residual clause and instead define "crime of violence" to include a greater number of enumerated offenses, including robbery.  *See* http://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20160121_RF.pdf (last accessed May 20, 2016).

> right to appeal the portion of his sentence greater than
> specified in that guideline range and the manner in which
> that portion was determined under Section 3742 and to
> challenge that portion of his sentence in a collateral
> attack.

Plea Agreement ¶ 13(a) & (b).  The Assistant United States Attorney and the court

explained these waivers to Inoshita during the change of plea proceeding.  Doc.

No. 26 at 15-17.  The court also found that Inoshita was competent to understand

the proceedings and that his guilty plea was voluntary.  *Id*. at 28.

After the change of plea hearing, but prior to sentencing, the United

States Supreme Court ruled that the residual clause of 18 U.S.C.

§ 924(e)(2)(B)(ii), of the Armed Career Criminal Act ("ACCA")[3] is void for

vagueness.  *Johnson II*, 135 S. Ct. at 2557.

## B.    Sentencing

In light of *Johnson II*, at the outset of Inoshita's sentencing hearing

on July 20, 2015, this court raised the issue of whether the instant offense and

Inoshita's prior offenses still qualify as crimes of violence.  Doc. No. 18,

Sentencing Tr. at 2-3.  Specifically, the court inquired whether Inoshita's bank

robbery convictions fell under the residual clause or the elements clause of the

guidelines.  The parties responded as follows:

--------

[3]  The ACCA's residual clause is identical to the guideline's residual clause.

> [DEFENSE COUNSEL]:  Well, I did do the research and
> our office -- our analysis is that unfortunately, *Johnson*
> does not seem to apply to Mr. Inoshita's either current
> offense or the priors.
>
> [GOVERNMENT COUNSEL]:  I would agree with that,
> Your Honor.  This isn't a residual clause type case.
>
> [DEFENSE COUNSEL]:  Correct.

*Id.* at 3.  This court then discussed *United States v. Selfa*, 918 F.2d 749, 751 (9th

Cir. 1990), which addressed whether a bank robbery under § 2113(a) qualified as a

crime of violence under the elements clause, not the residual clause.  *See*

Sentencing Tr. at 4.  *Selfa* noted that bank robbery must be committed "by force

and violence or intimidation," and that "intimidation" under § 2113(a) means

"wilfully to take, or attempt to take, in such a way that would put an ordinary,

reasonable person in fear of bodily harm."  918 F.2d at 751 (citing *United States v.*

*Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983) (other citation omitted).  Thus, *Selfa*

held that "persons convicted of robbing a bank 'by force and violence' or

'intimidation' under 18 U.S.C. § 2113(a) have been convicted of a crime of

violence within the meaning of Guideline Section 4B1.1."  918 F.2d at 751

(quoting § 2113(a)).

After noting that *Selfa* did "not apply[] the residual clause," but

instead determined that § 2113(a) "has an element" the "use, attempted use or

threatened use of physical force against the person of another," this court stated that *Selfa* appears to "foreclose any argument that [Inoshita is] not a career offender." Sentencing Tr. at 4-5. The parties responded:

> [DEFENSE COUNSEL]: I agree with that.
>
> [GOVERNMENT COUNSEL]: Same here, Your Honor.

*Id.* at 5.

This court granted Inoshita's request for a variance from the career offender guideline range of 151 to 188 months, and sentenced him, in part, to a term of imprisonment of 120 months. *Id.* at 5-6, 13-14.

## C.    The § 2255 Motion

Inoshita did not appeal his conviction or sentence. Instead, he filed the instant § 2255 Motion arguing that the parties and the court were all wrong in determining that a § 2113(a) bank robbery qualified as a crime of violence. More specifically, Inoshita claims that (1) he was "unconstitutionally and illegally deemed a career offender" because the guideline's "residual clause is unconstitutionally vague and may not be used to classify [him] as a career offender,"[4] and (2) "[r]ecent Supreme Court cases also make clear that federal

---

[4] Neither the court nor the parties relied on the residual clause. In fact, the residual clause is irrelevant to this case -- Inoshita was classified as a career offender solely under the elements clause.

7

bank robbery . . . does not count as a crime of violence" under either § 4B1.2's elements clause or residual clause.  Doc. No. 19, § 2255 Motion at 4.  The Government filed a Response on April 1, 2016, Doc. No. 23, and Inoshita filed a Reply on April 5, 2016.  Doc. No. 24.

### III.  <u>STANDARD OF REVIEW</u>

"A prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  Section 2255 authorizes the court to grant relief if it concludes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"  *Id.*

A court may dismiss a § 2255 motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.  And a court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record.  *See United States v. Mejia Mesa*, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary

8

hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief").

## IV.  **DISCUSSION**

### A.    **Inoshita Waived His Right to Collaterally Attack His Sentence**

A defendant may waive his right to appeal and collaterally attack a conviction and sentence. *See United States v. Leniear*, 574 F.3d 668, 672 & n.3 (9th Cir. 2009); *see also United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). A waiver, pursuant to a plea agreement, is enforceable if (1) the language of the waiver encompasses the basis of the challenge, and (2) the waiver was knowingly and voluntarily made. *United States v. Medina Carrasco*, 815 F.3d 457, 461 (9th Cir, 2015); *see Vasquez v. United States*, 2016 WL 544467, at *3 (D. Haw. Feb. 10, 2016) (citations omitted).

Here, Inoshita does not, and cannot, dispute that his waiver was knowing and voluntary, and that the language of the plea agreement encompasses the basis of his challenge. Inoshita admitted to committing bank robbery in violation of § 2113(a), and stated that he understood he could be sentenced up to a statutory maximum 20-year term of imprisonment. *See* Plea Agreement ¶¶ 1, 6, 7; *see also* Doc. No. 26, Plea Tr. at 7-9, 12. The parties stipulated that Inoshita was a career offender as defined by the guidelines, and reaffirmed this during both the

plea and sentencing hearings.  *See* Plea Agreement ¶ 10(b); Plea Tr. at 14, 21;

Sentencing Tr. at 4-5.  Further, Inoshita affirmed his understanding that the

guideline range of imprisonment would therefore be enhanced, and that he could

be sentenced above the guideline range up to the maximum permitted by law.  Plea

Tr. at 21-22.  And the Plea Agreement unambiguously waives his right to bring

"any collateral attack" or challenge a sentence within the statutory maximum or

the manner in which it was determined, except on the grounds of (1) ineffective

assistance of counsel, or (2) the sentence imposed exceeded the applicable

guideline range as determined by the court.  Plea Agreement ¶ 13; *see also* Plea

Tr. at 15-17 (affirming Inoshita's understanding of the same).  In sum, Inoshita's

waiver encompasses the right to file a § 2255 motion, except under circumstances

not applicable in this case,[5] and he made the waiver knowingly and voluntarily.

Thus, Inoshita's waiver is valid.

Inoshita, however, argues that the waiver is unenforceable for two

reasons.  First, he argues that the sentence is illegal because the enhanced starting

point for determining his sentence, based on an erroneous determination that he

was a career offender, violated his constitutional right to due process.  *See* § 2255

---

[5] Inoshita was sentenced to 120 months imprisonment, well below both the statutory maximum of 20 years imprisonment and the applicable guideline range of 151 to 188 months. Doc. No. 15, Judgment; Doc. No. 17, PSR ¶¶ 61 (specifying statutory maximum term of imprisonment under § 2113(a) & 62 (setting forth applicable guideline range).

Motion at 4.  Second, he argues that the Plea Agreement should not be enforced if such enforcement would result in manifest injustice.  *See* Reply at 12.

In the Ninth Circuit, a valid waiver will not be enforced if "the sentence violates the law."  *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007).[6]  "A sentence is illegal if it exceeds the permissible statutory penalty for the crime or violates the Constitution."  *Id.*  Because Inoshita was sentenced to a term of imprisonment below the statutory maximum, his sentence would only be illegal if it violates the Constitution.  *See United States v. Mendez Gonzalez*, 697 F.3d 1101, 1104 (9th Cir. 2012) (determining that a sentence below the statutory maximum is not illegal and cannot excuse a valid waiver of appeal).

Further, Inoshita makes no credible argument that his sentence was unconstitutional.  The court and parties never relied on the residual clause, making *Johnson II* irrelevant.  And even if the court misapplied the career offender provision, such an error would be a guideline -- not constitutional -- error.  *See Gilbert v. United States*, 640 F.3d 1293, 1321 (11th Cir. 2011) (en banc) (reasoning that "Gilbert's claim that a sentencing guidelines provision was

---

[6]  Additional reasons a valid plea agreement will not be enforced in the Ninth Circuit, not relevant here, include:  "1) a defendant's guilty plea failed to comply with [Federal Rule of Criminal Procedure] 11; 2) the sentencing judge informs a defendant that [he] retains the right to appeal; [and] 3) the sentence does not comport with the terms of the plea agreement[.]"  *Bibler*, 495 F.3d at 624.

11

misapplied to him is not a constitutional claim.  If it were, every guideline error

would be a constitutional violation."); *see also United States v. Medina Carrasco,*

815 F.3d 457, 462-63 (9th Cir. 2015) (enforcing waiver of crime of violence

guideline determination, because "[t]he whole point of a waiver . . . is the

relinquishment of claims *regardless* of their merit") (citing *United States v.*

*Nguyen,* 235 F.3d 1179, 1184 (9th Cir. 2000), *abrogated on other grounds by*

*United States v. Rahman*, 642 F.3d 1257 (9th Cir. 2011)); *Hawkins v. United*

*States*, 724 F.3d 915, 916-18 (7th Cir. 2013).

Thus, Inoshita's sentence is not illegal, and as discussed below, his

classification as a career offender was not in error.  Accordingly, enforcing

Inoshita's valid waiver will not result in a miscarriage of justice.

## B.    In Any Event, Inoshita's Designation as a Career Offender Was Correct

Even if Inoshita had not waived the right to collaterally attack his

sentence, his claim that a § 2113(a) bank robbery is no longer a crime of violence

fails.

Inoshita asserts two arguments supporting his contention that bank

robbery by intimidation under § 2113(a) is no longer a crime of violence:

(1) "intimidation exceeds" the "elements/force clause's focus on a narrow range of

conduct[;]" and (2) "intimidation's use of a hypothetical reasonable person

12

standard (in lieu of requiring that any actual person be intimidated) . . . fails to

match the actual use, threat, or attempt 'against the person of another' that the

elements/force clause requires."  Reply at 4.  Through both of these arguments,

Inoshita contends that recent Supreme Court caselaw has undermined *Selfa* to the

extent it is no longer good law.

"Where the reasoning or theory of . . . prior circuit authority is clearly

irreconcilable with the reasoning or theory of intervening higher authority . . . [the

court] should reject the prior circuit opinion as having been effectively overruled."

*Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc).  Here, however,

there is insufficient caselaw to raise a serious question concerning *Selfa's*

continued validity.

### 1.    Johnson I's *Definition of Force Is Consistent with Selfa's Definition of Intimidation under § 2113(a)*

Inoshita first argues that *Johnson I* narrowed the range of conduct

that satisfies the elements clause.  *Johnson I* held that "the phrase 'physical force'"

in the ACCA's definition of a "violent felony"[7] "means violent force -- that is

force, capable of causing physical pain or injury to another person."  559 U.S. at

140 (emphasis omitted).  Inoshita argues that this definition of physical force is

---

[7] The ACCA's definition of a violent felony is identical to the guidelines crime of violence "elements clause."

irreconcilable with *Selfa*.  The court disagrees.

*Johnson I's* definition of physical force is strikingly similar to *Selfa's*. *Johnson I* requires force "capable of causing physical pain or injury to another person."  559 U.S. at 140.  And this force need not be actual force, but can be threatened -- that is, the threatened use of force capable of causing physical pain or injury to another.  *See* § 4B1.2(a)(1).  *Selfa* defined "intimidation" under § 2113(a) to mean "wilfully to take, or attempt to take in such a way that would put an ordinary, reasonable person in fear of bodily harm."  918 F.2d at 751. Force that would put a reasonable person in fear of bodily harm (*Selfa*) and the threatened use of force capable of causing physical pain or injury (*Johnson I*) are functionally equivalent.  *Johnson I* and *Selfa* are not inconsistent.

The Fourth Circuit similarly determined that *Johnson I* did not undermine "earlier authorities concluding that § 2113(a) bank robbery" by intimidation "is a crime of violence."  *United States v. McNeal*, __ F.3d __, 2016 WL 1178823, at *11 (4th Cir. Mar. 28, 2016).  In part, *McNeal* reasoned that "intimidation in § 2113(a) simply means 'the threat of the use of force,'" *id.* (citing *United States v. Presley*, 52 F.3d 64, 69 (4th Cir. 1995)), and that "conduct will be deemed a threat if it was calculated to create the impression that any resistance by the teller would be met with physical force."  *Id.* (citing *United States v. Smith*,

14

131 F.3d 685, 688 (7th Cir. 1997)).  And *Johnson I's* requirement that the force

threatened must be capable of causing physical pain or injury is entirely consistent

with long-standing precedent that "intimidation occurs 'when an ordinary person

in the teller's position reasonably could infer a threat of bodily harm from the

defendant's acts.'"  *Id*. (citing *United States v. Wagstaff*, 865 F.2d 626, 627 (4th

Cir. 1989)).

> **2.   *Intimidation under* Selfa's *Hypothetical Reasonable Person Standard Satisfies the Purposeful Conduct Required under the Elements Clause***

Inoshita further argues that after *Descamps* and *Johnson II*, when

determining whether a § 2113(a) bank robbery is a crime of violence, the court

must limit its analysis to comparing the statutory elements without reference to the

particular facts of an offense, such as whether specific conduct would engender

fear in a hypothetical, reasonable person.  Stated differently, Inoshita argues, for

the first time in his Reply, that the use, or threat, or attempt to use force required

by the elements clause must "consist of purposeful, not merely reckless, conduct."

Reply at 4.  He relies, in part, on *Leocal v. Ashcroft*, 541 U.S. 1, 9 (2004), which

held that the elements clause's use of physical force "most naturally suggests a

higher degree of intent than negligent or merely accidental conduct."  From this,

Inoshita argues that the elements clause requires an offense element requiring that

a defendant actually engage in the use, or attempted or threatened use, of physical force.  Thus, according to Inoshita, *Selfa's* hypothetical, reasonable person test falls short.  And Inoshita further argues that because the statutory element of intimidation, as defined by *Selfa*, could be met without the actual, purposeful use, attempted use, or threatened use of violent physical force, *Selfa's* holding that a bank robbery by intimidation under § 2113(a) is a crime of violence is irreconcilable with recent law and no longer binding.

First, the court does not consider arguments raised for the first time in reply.  *See United States v. Mejia Pimental*, 477 F.3d 1100, 1105 n.9 (9th Cir. 2007) ("Because he raised this issue for the first time in his Reply Brief, we consider it waived.").

Second, even if the court did entertain the argument, while certainly creative, Inoshita again fails to demonstrate an irreconcilable conflict with *Selfa.* This is so primarily because a conviction under § 2113(a) does require proof of intentional conduct that is tied to intimidation.  Section 2113(a) bank robbery is a general intent crime -- that is, as an element, it requires proof that "the defendant possessed knowledge with respect to the actus reus of the crime (here, the taking of property of another by . . . intimidation)."  *Carter v. United States*, 530 U.S. 255, 268 (2000).  Put differently, to be convicted of a § 2113(a) bank robbery, a

16

defendant must act purposefully by knowingly entering a bank and intending to rob it by intimidation.  *See McNeal*, __ F.3d __, 2016 WL 1178823, at *12 ("[T]o secure a conviction of bank robbery 'by intimidation,' the government must prove not only that the accused knowingly took property, but also that he knew that his actions were objectively intimidating.").  And *Selfa* defines § 2113(a) intimidation to include the very type of threat which is inherent in a defendant's act of robbing a bank -- "wilfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm."  *Selfa*, 918 F.2d at 751. Simply put, negligent or reckless conduct isn't enough -- instead, a defendant must act purposefully by knowingly entering a bank and intending to rob it by intimidation.

    In sum, the court finds that bank robbery under § 2113(a) remains a "crime of violence" and therefore, Inoshita's designation and sentence as a career offender were not in error.[8]

///

///

---

[8] Inoshita "urge[s] this Court to allow [him] to amend his § 2255 motion to add a claim of ineffective assistance of counsel" based on counsel's statement that he was a career offender in the event such statement forecloses the instant claim.  *See* Reply at 13-15.  Because the court finds no error in classifying Inoshita a career offender, an ineffective assistance of counsel claim would fail.

# V.  **CONCLUSION**

Based on the foregoing, the court finds that Inoshita waived his right to collaterally attack his sentence, and bank robbery under § 2113(a) remains a crime of violence.  Accordingly, the court DENIES Inoshita's § 2255 Motion, but GRANTS a certificate of appealability.  *See* Fed. R. App. P. 22(b); Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 20, 2016.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States of America v. Inoshita*, Cr. No. 15-00159 JMS, Civ. No. 16-00032 JMS-KSC, Order: (1) Dismissing Defendant-Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in a Federal Custody; and (2) Granting a Certificate of Appealability